UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEREMIAH SANTANA,

                                         Plaintiff,

           -against-

THE CITY OF NEW YORK, COMMISSIONER JOSEPH
PONTE, DORA SCHRIRO, JOHN DOES 1-10,

                                         Defendants.

**COMPLAINT**

14 CV 8633 (PAC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff alleges that the City of New York and officials and employees of the New York City Department of Correction ("DOC") violated his rights under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the Constitution and New York state law by failing to take reasonable measures to ensure his safety while he was an inmate in the custody of the DOC.  Specifically, plaintiff claims that defendants failed, as a result of their deliberate indifference and negligence, to protect plaintiff from the violent actions of other inmates who attacked him because the DOC classified him as a member of a rival gang.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide plaintiff's New York state law claim of negligence which

forms part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claim of negligence under New York state law, a notice of claim was duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claim.

7. Although the City of New York noticed the plaintiff for a 50-h hearing, the City failed to arrange for plaintiff, who has been incarcerated since the incident, to appear at the hearing and refused to conduct the hearing at a DOC facility or other jail. The City therefore waived its right to a 50-h hearing.

8. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9. Plaintiff is a resident of the State of New York.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. Joseph Ponte is the Commissioner of the DOC and held this position at all relevant times herein. Ponte acted under color of state law and within the scope of his

employment as Commissioner of the DOC at all relevant times herein. Ponte is sued in his individual capacity.

12. Dora Schriro is the former Commissioner of the DOC and held this position at all relevant times herein. Schriro acted under color of state law and within the scope of her employment as Commissioner of the DOC at all relevant times. Schriro is sued in her individual capacity.

13. John Does 1-10 are the officials and employees of the DOC who failed to take reasonable measures to protect plaintiff from the violent actions of other inmates. John Does 1-10 acted under color of state law and within the scope of their employment as employees of the DOC at all relevant times herein. John Does 1-10 are sued in their individual capacities.

## STATEMENT OF FACTS

14. On May 5, 2014, plaintiff was incarcerated at Rikers Island Correctional Facility in connection with a criminal case that was brought in Supreme Court, Kings County.

15. Plaintiff is currently serving a term of imprisonment in a prison operated by the State of New York.

16. While plaintiff was in DOC custody, the defendants classified plaintiff as a member of the Bloods.

17. On May 5, 2014, the defendants were aware that there existed a violent history between the Bloods and the Crips in DOC facilities.

18. During the morning of May 5, 2014 at Rikers Island, correction officers put plaintiff and numerous other inmates, some of whom were members of the Crips, on a DOC bus that was headed for Supreme Court, Kings County.

19. Defendants and the correction officers present at the time knew that they were placing plaintiff and members of the Crips on the same bus, but, pursuant to a policy, practice or custom of the City of New York, did not separate them from one another on the bus or try to put them in separate vehicles.

20. On May 5, 2014, the correction officers, pursuant to a policy, practice or custom of the City of New York, did not physically search plaintiff or the other inmates before putting them on the bus.

21. At approximately 8:30 a.m., the bus arrived at Supreme Court, Kings County, located at 320 Jay Street in Brooklyn and parked in the lot.

22. While the bus was parked, the correction officers, pursuant to a policy, custom or practice of the City of New York, exited the bus and left the inmates unsupervised.

23. While plaintiff and the other inmates were sitting alone on the bus, a member of the Crips who was on the bus slashed plaintiff across his face with a sharp object.

24. The slashing caused plaintiff to suffer substantial pain and resulted in a laceration that required approximately 25 stitches.

25. Plaintiff has a permanent scar across his face as a result of the attack.

26. Inmate-on-inmate fights and assaults are common in New York City jails, one of the most violent jail systems in the United States.

27. For years, the defendants have been fully aware of the frequency and severity of inmate-on-inmate assaults within DOC jails, but have failed to take reasonable steps to ensure inmate safety.

28. At all relevant times, the City of New York created and maintained a policy, practice or custom of failing to adequately protect DOC inmates from violence inflicted by other inmates, many of whom are members of rival gangs.

29. The defendants acquiesced in and tacitly approved a culture of violence within the DOC by failing to adequately discipline or terminate corrections staffers who (a) fail to take reasonable steps to prevent inmate attacks, (b) fail to closely monitor the inmates in their care, (c) leave their assigned posts while on duty, and (d) fail to promptly intervene when an inmate attack is taking place.

30. The defendants acquiesced in and tacitly approved the culture of violence within the DOC by not taking adequate steps to separate members of rival gangs and by often leaving the gang members unattended, including on the buses that transport the inmates to and from court.

31. The defendants acquiesced in and tacitly approved the culture of violence within the DOC by failing to stop correction officers from smuggling weapons into the jails and failing to stop an illegal practice known as "The Program" in which corrections officers arrange for inmates to attack other inmates as a means of keeping order or exacting revenge.

32. The defendants acquiesced in and tacitly approved the culture of violence within the DOC by (a) failing to adequately investigate inmate assaults and the causes of the assaults, (b) allowing staff to underreport the number of assaults that take place in order to downplay the amount of violence present in the jails, and (c) allowing inmates to be inadequately supervised by incompetent, inexperienced and poorly-trained correction officers.

33. The aforesaid conduct by defendants led to plaintiff being attacked and seriously injured on May 5, 2014.

## FIRST CLAIM

### (VIOLATION OF THE EIGHTH AMENDMENT)

34. Plaintiff repeats the foregoing allegations.

35. The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, and imposes a duty on jail officials to take reasonable measures to guarantee the safety of inmates.

36. Defendants breached the aforesaid duty by subjecting plaintiff to conditions that posed a substantial risk of serious harm, and by knowing of and disregarding the risk by failing to take reasonable measure to prevent the harm.

37. As a result of defendants' violation of the Eighth Amendment, plaintiff suffered pain, physical injuries, scarring and emotional distress.

## SECOND CLAIM

### (VIOLATION OF THE FOURTEENTH AMENDMENT)

38. Plaintiff repeats the foregoing allegations.

39. A pre-trial detainee may not be punished prior to an adjudication of guilt in accordance with the Due Process Clause of the Fourteenth Amendment.

40. Prison officials owe the same duty to provide the same quantum of basic human needs and humane conditions of confinement to both convicted inmates and pretrial detainees.

41. Defendants breached the aforesaid duty by exposing plaintiff to conditions that posed a substantial risk of serious harm, and by knowing of and disregarding the risk by failing to take reasonable measure to prevent the harm.

6

42. As a result of defendants' violation of the Fourteenth Amendment, plaintiff suffered pain, physical injuries, scarring and emotional distress.

### THIRD CLAIM

### (SUPERVISORY LIABILITY)

43. Plaintiff repeats the foregoing allegations

44. The supervisory defendants, including Commissioner Ponte and former Commissioner Schriro, are liable because they: (a) participated directly in the constitutional violation, (b) failed to remedy the illegal practices at issue after being informed of their existence, (c) created a policy, practice or custom under which the unconstitutional practices occurred, or allowed the continuance of the policy, practice or custom, (d) were grossly negligent in supervising the subordinates who committed the wrongful acts, or (e) exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring.

45. As a result of the supervisory defendants' actions, the plaintiff suffered pain, physical injuries, scarring and emotional distress.

### FOURTH CLAIM

### (FAILURE TO INTERVENE)

46. Plaintiff repeats the foregoing allegations.

47. The individual defendants had a reasonable opportunity to prevent the violation of plaintiff's constitutional rights as described herein but they failed to intervene.

48. As a result of the individual defendants' failure to intervene, plaintiff suffered pain, physical injuries, scarring and emotional distress.

### FIFTH CLAIM

### (NEGLIGENCE UNDER NEW YORK STATE LAW)

49. Plaintiff repeats the foregoing allegations.

50. While plaintiff was in defendants' custody, the defendants owed plaintiff a duty of reasonable care to safeguard him from foreseeable attacks by fellow inmates.

51. Defendants breached the aforesaid duty by knowing or having reason to know of an unreasonable risk of an inmate-on-inmate attack but failing to take appropriate action to lessen or eliminate the risk.

52. The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as DOC employees when they acted negligently toward plaintiff.

53. As a result of defendants' negligence, plaintiff suffered pain, physical injuries, scarring and emotional distress.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: October 27, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-4734
(646) 239-4330